IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Columbia Energy, L.L.C., | NO. C 04-04436 JW |
| Plaintiff(s), | |
| v. | **ORDER DENYING DEFENDANT SECURITY INSURANCE'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO SEVER AND STAY** |
| Sargent & Lundy, L.L.C., et al, | |
| Defendant(s). | |

## I. INTRODUCTION

This lawsuit arises out of the construction of a power plant located in Columbia, South Carolina. (Complaint, Docket Item No. 1, ¶ 1.) Plaintiff Columbia Energy, L.L.C. ("Columbia") is the owner and operator of the facility; Defendant Sargent & Lundy, L.L.C. ("S&L") is the engineer that designed the facility; and Defendant Security Insurance Company of Hartford ("Security") is the insurer that issued S&L a $10 million, project-specific professional liability insurance policy. (Complaint ¶ 1.) Columbia filed this lawsuit against S&L and Security, alleging that S&L committed numerous errors and omissions. Presently before this Court is Security's Motion to Dismiss or for Judgment on the Pleadings, or, Alternatively, to Sever and Stay the Insurance Coverage Claim (hereinafter "Security's Motion"). (See Security's Motion, Docket Item No. 19.) This Court finds it appropriate, pursuant to Civil L.R. 7-1(b), to take Security's Motion under submission, without oral argument, for decision based upon the papers filed by the parties. For the reasons set forth below, this

Court denies Security's Motion.

## II. BACKGROUND

Columbia owns and operates a "nominal 630 megawatt combined cycle power generation facility located in Columbia, South Carolina." (Complaint ¶ 1.) S&L is the engineering company that designed the facility. (Complaint ¶ 1.) Columbia required S&L to procure a project-specific insurance policy worth up to $10 million to cover any of S&L's professional liability. (Complaint ¶ 1.) Security issued S&L that policy. (Complaint ¶ 1.)

Columbia alleges that, "S&L committed numerous errors and omissions and its Work under the Contract failed, in numerous regards and ways, to conform to the Standard of Care specified in the Contract and to the legal standard of care imposed upon an engineer, like S&L, that specializes in the engineering and design of power plants . . . ." (Complaint ¶ 19.) Columbia divides S&L's errors and omissions into four categories: (i) violations of safety, building and other applicable laws and codes; (ii) unreasonably inefficient and/or unduly complex designs; (iii) failures to provide necessary access for safety, operations and maintenance of the facility; and (iv) other errors and omissions. (Complaint ¶ 20.) Columbia cites a number of specific examples to support its claims: S&L's vent stack relief valves were placed near walkways, which presented safety hazards for plant personnel (Complaint ¶ 21(a)); S&L's supply cables were undersized and failed to comply with National Electric Code requirements (Complaint ¶ 21(b)); S&L's blowdown tanks and associated sumps were undersized (Complaint ¶ 22(a)); S&L's design for the circulating water pipe layout was unreasonably long and needlessly complex (Complaint ¶ 22(b)); S&L's design for the fuel oil piping system was extremely inefficient and unreasonable (Complaint ¶ 22(c)); and S&L's failure to coordinate between aboveground and underground piping and equipment systems (Complaint ¶ 22(d)). (See also Complaint ¶¶ 23-25.)

In all, Columbia asserts four state-law based claims against S&L and Security. (See Complaint ¶¶ 31-58.) Columbia asserts its First, Second, and Third Claims for Relief against S&L for Breach of Contract, Negligence, and Indemnification, respectively. (See Complaint ¶¶ 31-48.)

1 Columbia asserts its Fourth Claim for Relief against Security as a third-party beneficiary of the $10
2 million professional liability insurance policy that Security issued to S&L.  (See Complaint ¶¶ 49-58.)
3 Security moves to dismiss Columbia's Fourth Claim for Relief, arguing that, under California contract
4 principles and under California's Insurance Code, Columbia's Fourth Claim for Relief fails to state a
5 claim.  (See Security's Motion at 4:5-8:2.)

### III. STANDARDS

A FED. R. CIV. P. 12(b)(6) (Rule 12(b)(6)) motion to dismiss tests the legal sufficiency of a complaint.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  Accordingly, any defects must appear on the complaint's face.  "[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)." WILLIAM W. SCHWARZER, A. WALLACE TASHIMA, JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 9:211 (2004) (citing Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)).

In addition, all allegations of material fact in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  See Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir. 1998) (citing Argabright v. United States, 35 F.3d 472, 474 (9th Cir. 1994)). Conley v. Gibson, 355 U.S. 41 (1957), sets forth the strict standard for granting a Rule 12(b)(6) motion to dismiss.  A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 45-46.  As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

### IV. DISCUSSION

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship). Columbia is a Delaware limited liability company with its principal place of business in South Carolina. (Complaint ¶ 2.)  S&L is an Illinois limited liability company with its principal place of business in Illinois.  (Complaint ¶ 4.)  Security is a Connecticut corporation with its principal place

of business in Connecticut. (Complaint ¶ 6.) The amount in controversy is over $75,000. (Complaint ¶¶ 7, 38, 48, 58.)

Security premises its Motion upon the fact that California law applies to Columbia's Fourth Claim for Relief. Notably, Security exclusively cites California caselaw and California statutory law to support its Motion. (See Security's Motion at 4:14-8:2.) However, it is not clear that California law necessarily applies to Columbia's Fourth Claim for Relief. In fact, Columbia explicitly points this out: "In its Motion, Security presumes--without any analysis or supporting legal authorities--that California law applies. Columbia does not concede that California law is applicable to Columbia's claims against Security. . . . California, Illinois or South Carolina law may be deemed applicable." (Columbia's Opposition to Security's Motion, Docket Item No. 26, at 3:21-24.) Thus, it is unclear exactly which state's law should be applied to Columbia's Fourth Claim for Relief.

Under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), federal courts exercising diversity jurisdiction must apply the "substantive" law of the state in which they are located. Under Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941), choice of law rules are "substantive." Thus, this Court, as a federal district court in the Northern District of California, must apply California's choice of law rules. However, simply because this Court must apply California's choice of law rules does not mean that this Court must ultimately choose to apply California law. A California court, applying California's choice of law rules, could very well choose to apply the law of another state.

Thus, although this Court has read Security's Motion, Columbia's Opposition, and Security's Reply and has given them serious consideration, this Court denies Security's Motion as premature. This Court prefers to determine firstly which state's law applies to Columbia's Fourth Claim for Relief. Accordingly, this Court invites either party to file a motion for partial summary judgment on the narrow issue of which state's law should apply to Columbia's Fourth Claim for Relief. Once this Court chooses a law to apply to Columbia's Fourth Claim for Relief, Security may then file a (or re-file its) Motion to Dismiss. Since this Court's ultimate choice of law may impact the viability of Columbia's Fourth Claim for Relief, this Court also denies Security's Alternative Motion to Sever and

4

1  Stay Columbia's Fourth Claim for Relief without prejudice to its being re-raised after this Court has
2  chosen a state's law to apply.  (See Security's Motion at 10:17-19 ("Security has alternatively moved .
3  . . for an order severing and staying Columbia's claims against it until Columbia's claims against S&L
4  are finally adjudicated").)

## V.  CONCLUSION

For the reasons set forth above, this Court denies Security's Motion as premature.  Security may re-file its Motion--or another Motion to Dismiss entirely--*after* this Court has first determined which state's law should apply to Columbia's Fourth Claim for Relief.  This Court invites either party to file a Motion for Partial Summary Judgment on the narrow issue of which state's law should apply to Columbia's Fourth Claim for Relief.

Dated:  May 12, 2005

/s/James Ware
JAMES WARE
United States District Judge

04cv4436mtd

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David A. Ericksen dae@severson.com
Dylan B. Carp dcarp@klng.com
Jonathan M. Cohen jcohen@kl.com
Peter Charles Lyon pcl@severson.com
Peter Charles Lyon pcl@severson.com
Peter Charles Lyon pcl@severson.com

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Eric D. Stubenvoll
Meckler, Bulger & Tilson
123 North Wacker Drive, Suite 1800
Chicago, IL  60606

Janet R. Davis
Meckler, Bulger & Tilson
123 N. Wacker Drive Ste. 1800
Chicago, IL  60606

Joseph L. Luciana
535 Smithfield Street
Pittsburgh, PA  15222-2312

Ronald J. Chleboski
535 Smithfield Street
Pittsburgh, PA  15222-2312

**Dated:  May 12, 2005**                                          **Richard W. Wieking, Clerk**

**By:/s/JWchambers**
    **Ronald L. Davis**
    **Courtroom Deputy**