Jonathan M. Cohen (SBN 168207)
Dylan B. Carp (SBN 196846)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
4 Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 249-1000
Facsimile: (415) 249-1001

Joseph L. Luciana (*Pro hac vice*)
Ronald J. Chleboski, Jr. (*Pro hac vice*)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

Attorneys for COLUMBIA ENERGY, L.L.C.

*E-FILED ON 8/23/05*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA ENERGY, L.L.C., <br><br> *Plaintiff,* <br><br> vs. <br><br> SARGENT & LUNDY, L.L.C. and SECURITY INSURANCE COMPANY OF HARTFORD, <br><br> *Defendants.* | Case No. CV 04-04436 JW **(HRL)** <br><br> **STIPULATED PROTECTIVE ORDER (AND ADDENDUM TO PROTECTIVE ORDER)** |

Upon consideration of the stipulation to entry of this order by Columbia Energy, L.L.C., Sargent & Lundy, L.L.C., and Security Insurance Company of Hartford (collectively, the "Parties" and individually a "Party"), the court hereby finds as follows:

A.   The Parties now estimate that the total volume of documents to be produced in this action will exceed one million (1,000,000) pages, which includes both hard copy and electronic documents.

B.   The relevant and producible documents held by the Parties include numerous documents that contain proprietary, confidential and/or commercially sensitive information. The Parties each have legitimate interests in protecting confidential and sensitive information from disclosure.

C.   Entry of this Stipulated Protective Order ("Order") will promote the orderly and efficient conduct of discovery, while at the same time protecting the Parties' legitimate interests in limiting the disclosure of their proprietary, confidential and/or commercially sensitive information.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby ORDERED as follows:

**Section 1 – Definitions**

1.1   In addition to terms defined elsewhere in this Order, the following terms shall have the meanings set forth below for purposes of this Order:

1.1.1   "Document" or "Documents" shall be defined to the broadest extent permitted by the Federal Rules of Civil Procedure and includes, whenever applicable and without limitation, the originals (and all copies) of any intelligence or information, whether handwritten, typed, printed, stored electronically, or otherwise visually or aurally reproduced or reproducible. Such items include, but are not limited to, writings, drawings (including engineering, assembly, and detail drawings), specifications, engineering calculations, diaries, agreements, contracts, purchase orders, bills of lading, invoices, requisitions, submittals, requests for information, meeting minutes, graphs, charts, logs, trip reports, ledgers, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably useable form.

  1.1.2 "Production Documents" means all Documents produced in connection with this lawsuit to any of the Parties by any of them or by a non-party, whether (a) produced pursuant to the Federal Rules of Civil Procedure, (b) produced in response to a subpoena or written discovery requests (e.g., requests for production of documents, interrogatories, or requests for admissions), (c) produced by agreement, or (d) introduced, used or referred to in a deposition or a hearing.

  1.1.3 "Discovery Materials" means all Documents, testimony, information or other things that are subject to discovery in this lawsuit.

  1.1.4 "Producer" shall mean any of the Parties or any non-party who produces Discovery Material in this lawsuit.

  1.1.5 "Recipient" shall mean any Party who receives Discovery Material in this lawsuit.

  1.1.6 "Confidential Information" means any information (reflected or contained in any Discovery Materials) that is subject to a binding contractual agreement prohibiting disclosure, confidential, proprietary, commercially or market sensitive, or constitutes or reflects trade secrets.

**Section 2 – Materials Covered**

 2.1 <u>Scope</u>.  This Order shall govern all Discovery Materials produced or otherwise discovered in connection with this lawsuit.

 2.2 <u>Designation As Confidential</u>.  Each Producer shall have the right to designate as CONFIDENTIAL any Discovery Material which contains Confidential Information. **(See Addendum to Protective Order, "Designation of Documents")**. This designation shall be made by stamping the Discovery Materials containing Confidential Information with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the Recipients that the information or Document shall be CONFIDENTIAL.  Where a Producer wishes to designate a Document as CONFIDENTIAL, it shall so stamp or label each page

of the Document. For other types of Discovery Materials, the Producer shall affix CONFIDENTIAL labels where practical or shall otherwise notify the Recipients of the CONFIDENTIAL designation. With respect to all Discovery Materials provided for inspection by a Producer, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by Recipients and/or their counsel. Making Documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the Producer shall be treated as though designated CONFIDENTIAL at the time of the inspection.

2.3 ~~Party Discovery Materials. All Discovery Materials produced in this lawsuit by any of the Parties (a) shall be presumed to contain Confidential Information and (b) shall be deemed CONFIDENTIAL and remain so classified unless and until declassified as provided for in Sections 2.5, 2.6 or 4, below.~~

2.4 Non-Party Discovery Materials. Discovery Materials produced by non-parties to this lawsuit shall be treated as CONFIDENTIAL to the extent so designated by the non-party Producer in accordance with Section 2.2.

2.5 Deposition Transcripts And Exhibits. All deposition transcripts and all Discovery Materials introduced and/or used in connection with depositions shall be deemed to be, and treated as, CONFIDENTIAL for a period of twenty-one (21) days after the transcript is made available to the Parties by the reporter. After this initial twenty-one (21) day period, the deposition transcript and all Discovery Materials introduced or used in connection with the deposition shall automatically be declassified and no longer treated as CONFIDENTIAL, unless such materials are deemed or specifically designated CONFIDENTIAL as provided in Sections 2.5.1 or 2.5.2 below.

2.5.1 Non-Party Discovery Materials. To the extent Discovery Materials obtained from non-parties are introduced, used or discussed in connection with a deposition, the Discovery Materials shall remain CONFIDENTIAL and shall not be declassified insofar as the Discovery Material was designated CONFIDENTIAL by the non-party Producer in connection with its

Stipulated Protective Order
Case No. CV 04-04436 JW

- 4 -

production. Additionally, all portions of the deposition transcript wherein any Discovery Material specifically designated CONFIDENTIAL by a non-party Producer is discussed and used shall automatically be deemed and remain CONFIDENTIAL and shall not be declassified.

       2.5.2    Party Designations. Any of the Parties may designate as CONFIDENTIAL any portions of a deposition transcript and/or any Discovery Materials used in connection with a deposition, insofar as the designating party has a good faith belief that the designated materials contain protectable Confidential Information. The designating party shall make such CONFIDENTIAL designations either by: (a) serving upon all Parties and the court reporter written notice of its CONFIDENTIAL designations; or (b) making designations on the record during the deposition.

~~2.6    Declassification Of Discovery Materials Presumed Confidential. Except as provided in Section 2.6.1, before any Party files with the Court any Discovery Material produced by a Party that is presumed to be CONFIDENTIAL (pursuant to Section 2.3), but which has *not* been specifically so designated (pursuant to Sections 2.2 or 2.5.2), that Party must first provide written notice to the Producer(s) of the subject Discovery Material of such intent five (5) business days in advance of making such a filing, which notice shall identify all such Discovery Materials that will be so filed. Within five (5) business days after actual receipt of such a written notice, any other Party shall have the right to designate as CONFIDENTIAL any portion of the Discovery Materials identified in the notice, insofar as the designating party has a good faith belief that the designated Discovery Materials contain protectable Confidential Information. To be effective, such designation must be sent to and received by all other Parties within five (5) business days after receipt of the notice. If no Party specifically designates the subject Discovery Materials as CONFIDENTIAL, such Materials shall be automatically declassified and no longer treated as CONFIDENTIAL.~~

~~2.6.1   In the event that a Party cannot reasonably give notice five business days prior to filing with the Court Discovery Materials presumed CONFIDENTIAL, but which have not been specifically so designated (as a result of Court-imposed deadlines or other exigent circumstances), the~~

1  ~~following shall apply: The Party seeking to so file, shall first endeavor to promptly contact the~~
2  ~~Producer of the subject Discovery Material and confirm whether the Producer wishes to specifically~~
3  ~~designate the subject material CONFIDENTIAL. Any Producer so contacted shall promptly advise~~
4  ~~whether or not it wishes to specifically designate the subject Discovery Material as~~
5  ~~CONFIDENTIAL. In the event a Party cannot contact and/or confirm with the Producer the~~
6  ~~Producer's intent with respect to CONFIDENTIAL designation, as required to meet the filing~~
7  ~~deadline or other exigent circumstances, the Party wishing to file the subject Discovery Material can~~
8  ~~file it so long as it treats it as CONFIDENTIAL.~~

**Section 3 – Treatment Of CONFIDENTIAL Information**

3.1   Non-Disclosure.  The persons receiving CONFIDENTIAL information are enjoined from disclosing it to any other person, except in conformance with this Order.  Each person or entity that receives CONFIDENTIAL information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.  No copies of Discovery Materials designated as CONFIDENTIAL shall be made, except to the extent reasonably necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial, and appeal.  Any person responsible for making such copies must ensure that the copies adequately reflect any CONFIDENTIAL stamp or legend thereon.

The Recipients of any CONFIDENTIAL Discovery Material protected under this Order and all information derived therefrom shall maintain such information in a safe and secure area and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such information.  Any CONFIDENTIAL Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Order.

3.2   Use Limited To This Lawsuit.  In the absence of written permission from the Producer, Discovery Material designated as CONFIDENTIAL:

   (a)   Shall be protected from disclosure as specified herein, unless the Producer

agrees otherwise in writing, or a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation.

    (b)    Shall be used only for purposes of this litigation (U.S. District Court for the Northern District of California, Case No. CV 04-04436 JW entitled, *Columbia Energy, L.L.C. v. Sargent & Lundy, L.L.C. and Security Insurance Company of Hartford*), including any appeals and retrials, and shall not use such information for any other purpose including, but not limited to, in any other business, governmental, commercial, administrative, and/or judicial proceedings.

3.3    <u>Allowable Disclosures</u>. **Unless otherwise ordered by the Court, and to** the extent reasonably necessary to prepare claims and defenses, Discovery Material designated as CONFIDENTIAL may be disclosed to:

    (a)    Counsel of record for the Parties, and the partners, associates, secretaries, paralegals, legal assistants and employees working under the direct supervision of such counsel;

    (b)    In-house counsel and other employees of a Party who assist in the preparation of the case for discovery and trial;

    (c)    Any person not employed by or affiliated with a party who is expressly retained or sought to be retained by any attorney described in Paragraph 3.3(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work;

    (d)    Any person of whom testimony will or may be taken, except that such person may be shown CONFIDENTIAL material only during an interview or other review session with counsel of record identified in Subsection (a) and may not retain any CONFIDENTIAL material;

    (e)    Any person of whom testimony is taken, except that such person may only be shown CONFIDENTIAL material during his or her deposition and may not retain any CONFIDENTIAL material;

    (f)    Court reporters and videographers retained to record testimony taken in depositions;

    (g)    The Court and court personnel; and

    (h)    Graphics or design services and trial consulting services retained by a Party.

3.4    <u>Acknowledgment Required Prior To Disclosure</u>.  Prior to disclosing any CONFIDENTIAL Discovery Material or information to any person (other than those individuals listed in Sections 3.3(a), (b), (d), (e), and (g)), counsel shall provide such person with a copy of this Order, instruct such person to read this Order, and obtain from such person a written acknowledgment stating that he or she has read this Order and agrees to be bound by the terms

contained herein. All such acknowledgments shall be substantially in the form of Acknowledgement attached hereto as **Exhibit A**.

3.5  Filing Under Seal. If a Party files with the Court Discovery Materials designated as CONFIDENTIAL, or quotes from or otherwise discloses Confidential Information contained in such CONFIDENTIAL Discovery Material in a motion or other Court filing, the Party shall file such items with a request to file the materials with the Court under seal in accordance with Civil L.R. Nos. 79-5 and 7-11. Subject to any overriding rules imposed by the Court, any CONFIDENTIAL materials filed herein under seal shall be kept under seal and only disclosed to the Court personnel as provide for herein. Nothing contained in this Order shall be construed to prejudice any Party's right to use Discovery Material at any hearing in this litigation or at the trial of this litigation or any appeal therefrom, provided that the Party desiring to use such Discovery Material complies with the terms of this Order.

3.6  Improper Disclosure. In the event Discovery Material designated CONFIDENTIAL is disclosed to a person or persons not authorized under this Order to view such materials, the party responsible for having made or allowed such improper disclosure, and each party with knowledge thereof, shall immediately inform counsel for the Producer of the CONFIDENTIAL Discovery Material of all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

3.7  Subpoenas. If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every non-party and Party who has produced such Discovery Material and to their counsel and shall provide each such party with an opportunity to object to the production of Discovery Material. Nothing in this order should be construed as authorizing or encouraging any party who receives discovery material to disobey a lawful directive from another court. ~~If the Producer of the subject Discovery Material does not move for a protective order within twenty (20) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce the subpoenaed Discovery Materials.~~

3.8     Disclosure To Author Or Recipient. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing Discovery Materials designated as CONFIDENTIAL to any person who was an author, addressee, or carbon copy recipient of such Discovery Material; and regardless of such designation pursuant to this Order, if a Document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the Document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Order.

3.9     Treatment At Conclusion Of Case. Within ninety (90) days after final conclusion of all aspects of this litigation, stamped CONFIDENTIAL Discovery Materials, and all copies of the same (other than exhibits of record), regardless of medium, shall be returned to the party or person who produced such documents or, at the propounding party's option, said documents shall be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producers not more than 120 days after final termination of this litigation. ~~The Clerk of the Court may return to counsel, or destroy, any stamped CONFIDENTIAL materials in its possession.~~

**Section 4 – Limitations And Challenges To Confidentiality Designations**

4.1     Limitations. None of the provisions of this Order shall apply to the following categories of Discovery Materials, and any party may apply to remove the restrictions set forth herein based upon a showing that information designated CONFIDENTIAL had been:

(a)     available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of any Recipient, its counsel, representatives or experts;

(b)     known to such Recipient or shown to have been independently developed by such Recipient prior to its production herein or without use or benefit of the information; or

(c)     obtained by such Recipient after the time of disclosure hereunder from a non-party having the right to disclose the same.

4.2     Challenges. In the event that another party disagrees with a party's designation of any Discovery Material as CONFIDENTIAL, or disagrees with a party's failure to designate a Discovery Material as CONFIDENTIAL, the following applies:

   (a) The objecting party must advise counsel for the designating party, in writing, of the objection and identify the Discovery Materials at issue with sufficient specificity for identification.

   (b) The objecting party shall confer in person, in writing, or by telephone with the Producer claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

   (c) Within five (5) days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the disputed Document(s) or item(s).

   (d) Failing agreement, after good faith meet-and-confer through direct dialogue and discussion, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such status and protection, or that such protection should be so designated. On the hearing of any such motion, the burden ~~shall be on the party attempting to establish that the document or information should not be deemed CONFIDENTIAL.~~ of persuasion shall be on the party claiming that protection of the document or information is warranted under Fed.R.Civ.P. 26(c).

   (e) Notwithstanding any challenge to a designation, all material which is in question shall be treated as CONFIDENTIAL and shall be subject to the provisions hereof until one of the following occurs: (a) the Court rules on the motion, or (b) the objecting party withdraws the objection to the designation in writing.

**Section 5 – Miscellaneous**

5.1     <u>Inadvertent Disclosure Of Privileged Material</u>. The inadvertent production of Discovery Materials subject to the attorney-client privilege, the attorney work-product privilege or any other applicable privilege will not waive the applicable privilege. In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such waiver. Upon a request from a party which has inadvertently produced any Discovery Material which it believes may be subject to a privilege, each party receiving such material shall immediately return it and all copies to the Producer. Nothing herein shall prevent the Recipient from preparing a record for its own use containing the date, author, addresses, and topic of the Document or other material and such other information as is reasonably necessary to identify the

Stipulated Protective Order
Case No. CV 04-04436 JW
- 10 -

Document and describe its nature to the Court in any motion to compel the production. Unless permitted by the Court, such a record of the identity and nature of any Discovery Material may not be used for any purpose other than preparation of a motion to compel in this action.

5.2   This Order shall be binding upon the Parties, their attorneys, all persons to whom CONFIDENTIAL materials are disclosed by them, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

5.3   This Order does not waive or modify a Party's right to object to the production of, or the introduction into evidence (at trial or hearing), any Discovery Material, pursuant to applicable rules of procedure, the applicable rules of evidence, or other governing law.

5.4   This Order is without prejudice to the right of any party to claim in this action or otherwise that any Discovery Materials, or any portion thereof, are privileged or otherwise nondiscoverable, or are not admissible in evidence in this action or any other proceeding.

5.5   The terms of this Order shall not terminate at the conclusion of this lawsuit, but shall survive and remain in effect after the termination of the above-captioned matter. **For a period of six months after** ~~Following~~ the termination of this litigation, the Court shall retain jurisdiction to hear disputes arising out of this Order.

**Pursuant to stipulation (as modified by the court),**
It is so ordered.
Dated: ~~XXXX XX XXXX~~ **August 23, 2005**

/s/ Howard R. Lloyd
~~JAMES WARE~~
United States ~~District~~ Judge
**Magistrate**

The Parties, by and through their respective counsel of record, hereby stipulate to entry of this Order:

COLUMBIA ENERGY, L.L.C.

_____
By and through its counsel:
Jonathan M. Cohen, Esquire
Dylan B. Carp, Esquire
Kirkpatrick & Lockhart Nicholson Graham LLP

    and

Joseph L. Luciana, III, Esq. (*Pro hac vice*)
Ronald J. Chleboski, Jr., Esq. (*Pro hac vice*)
Kirkpatrick & Lockhart Nicholson Graham LLP


SARGENT & LUNDY, L.L.C.



_____
By and through its counsel:
Janet R. Davis, Esquire (*Pro hac vice*)
Eric D. Stubenvoll, Esquire (*Pro hac vice*)
Meckler, Bulger & Tilson


SECURITY INSURANCE COMPANY OF HARTFORD

_____
By and through its counsel:
Peter C. Lyon, Esquire
David A. Ericksen, Esquire
Severson & Werson, PC

1     The Parties, by and through their respective counsel of record, hereby stipulate to entry of this
2 Order:
3
4 COLUMBIA ENERGY, L.L.C.
5
6 _____
7 By and through its counsel:
Jonathan M. Cohen, Esquire
Dylan B. Carp, Esquire
8 Kirkpatrick & Lockhart Nicholson Graham LLP
9     and
10 Joseph L. Luciana, III, Esq. (*Pro hac vice*)
Ronald J. Chleboski, Jr., Esq. (*Pro hac vice*)
11 Kirkpatrick & Lockhart Nicholson Graham LLP
12
13 SARGENT & LUNDY, L.L.C.
14
15 *[signature]* For
16 _____
By and through its counsel:
Janet R. Davis, Esquire (*Pro hac vice*)
17 Eric D. Stubenvoll, Esquire (*Pro hac vice*)
Meckler, Bulger & Tilson
18
19
20 SECURITY INSURANCE COMPANY OF HARTFORD
21
22 _____
By and through its counsel:
23 Peter C. Lyon, Esquire
David A. Ericksen, Esquire
24 Severson & Werson, PC
25
26
27
28

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA ENERGY, L.L.C., <br><br> *Plaintiff*, <br><br> vs. <br><br> SARGENT & LUNDY, L.L.C. and SECURITY INSURANCE COMPANY OF HARTFORD, <br><br> *Defendants*. | Case No. CV 04-04436 JW <br><br> **STIPULATED PROTECTIVE ORDER** |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he or she has received and read a copy of the Stipulated Protective Order entered in the above-captioned lawsuit, and hereby agrees to be bound by all of the provisions thereof.

_____         _____
Date                                                                    Signature

**ADDENDUM TO PROTECTIVE ORDER**
Columbia Energy LLC v. Sargent Lundy LLC, et al.,
Case No. C04-04436 JW (HRL)

IT IS HEREBY ORDERED as follows:

<u>DESIGNATION OF DOCUMENTS</u>

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited.  Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

1  5:04-cv-4436 Notice will be electronically mailed to:

2  Dylan B. Carp     dcarp@klng.com, cosborne@klng.com;msaephan@klng.com

3  Jonathan M. Cohen     jcohen@kl.com, gpitt@KL.com

4  David A. Ericksen     dae@severson.com, bab@severson.com

5  Peter Charles Lyon     pcl@severson.com, co@severson.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28