| | |
|---|---|
| 1 | Linda L. Usoz (SBN 133749) |
|  | KIRKPATRICK & LOCKHART |
| 2 | PRESTON GATES ELLIS LLP |
|  | 630 Hansen Way |
| 3 | Palo Alto, CA  94304 |
|  | Telephone:  (650) 798-6700 |
| 4 | Facsimile:  (650) 798-6701 |
| 5 | Joseph L. Luciana (*Pro hac vice*) |
|  | Ronald J. Chleboski, Jr. (*Pro hac vice*) |
| 6 | KIRKPATRICK & LOCKHART |
|  | PRESTON GATES ELLIS LLP |
| 7 | Henry W. Oliver Building |
|  | 535 Smithfield Street |
| 8 | Pittsburgh, PA  15222 |
|  | Telephone:  (412) 355-6500 |
| 9 | Facsimile:  (412) 355-6501 |
| 10 | Attorneys for COLUMBIA ENERGY, L.L.C. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA ENERGY, L.L.C., | Case No. CV 04-04436 JW |
| *Plaintiff*, | **JOINT STATUS REPORT AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE** |
| vs. | |
| SARGENT & LUNDY, L.L.C. and SECURITY INSURANCE COMPANY OF HARTFORD, | |
| *Defendants*. | |

Plaintiff Columbia Energy, L.L.C. ("Columbia") and Defendant Sargent & Lundy, L.L.C. ("S&L") jointly submit this Status Report and Request for Continuance of Case Management Conference:

1. As previously reported to the Court, on December 20, 2005, Calpine Corporation and numerous affiliated companies, including Columbia, filed a Voluntary Petition for protection under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

The Calpine Corporation bankruptcy proceeding is still pending in that court at Chapter 11 Case No. 05-60200 (BRL) (the "Bankruptcy Proceeding").

2. As a result of the Bankruptcy Proceeding and the automatic stay of S&L's claims in this lawsuit, Columbia and S&L have been unable to prosecute the claims in this lawsuit since December 2005 when the Bankruptcy Proceeding was commenced. In light of the Bankruptcy Proceeding, on October 3, 2006, the Court issued an order vacating the pretrial schedule and the Preliminary Pretrial Conference and setting a Case Management Conference for October 16, 2006. This matter is presently stayed.

3. On April 30, 2007, a Stipulation and Agreed Order between Columbia and S&L was presented to the court in the Bankruptcy Proceeding through which the parties sought a limited lift of the automatic stay so they could undertake mediation and otherwise proceed in this case if the disputes were not resolved through mediation and the court entered the Agreed Order (a copy of which is attached hereto). The parties now have authority to proceed with mediation of the disputes at issue in this lawsuit.

4. The parties have agreed to mediation of their disputes in this matter and have agreed to utilize the services of The Hon. William Cahill (Ret.) with JAMS in San Francisco. The parties are in the process of coordinating dates for mediation among themselves, their clients, their experts as well as the mediator.

5. Columbia has requested to complete mediation in August 2007. In Columbia's view, substantially all relevant documents containing nearly all the written factual information have already been exchanged between the parties. Columbia believes that an August 2007 mediation provides the parties sufficient time to exchange expert reports, review the case, coordinate schedules of all participants, and have a meaningful and productive mediation.

6. S&L has requested a slightly longer schedule based upon the complexities of this case, the fact that this matter has been dormant since Columbia filed for Bankruptcy protection in December 2006 as well as the availability of its experts and clients, the trial schedule of its counsel. S&L suggests that the parties endeavor to schedule mediation in October 2007 and believes that this is a reasonable schedule which accommodates the parties' interests of resolving this case by allowing

1. sufficient time for meaningful evaluation of the issues of this case which arises out of the design and construction of a power generation facility for which Columbia claims damages in excess of $8 million.

7. The parties agree that if they fail to resolve this case through mediation, they will propose to the court a pre-trial schedule to quickly resolve this case.

8. In light of the foregoing, the parties jointly move for an Order continuing the Case Management Conference, now scheduled for May 14, 2007, for 45 days, at which time the parties shall file a further Joint Case Management Conference Statement informing the court of the scheduled date for mediation with Judge Cahill. It is the parties' expectation that this Court will thereafter issue an order for a further Case Management Conference scheduled for a date after mediation. In the event mediation has failed to resolve the case, the parties will submit their pretrial schedule as contemplated above in paragraph 7.

| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP | MECKLER, BULGER & TILSON LLP |
|---|---|
| /s/ Linda L. Usoz, Esquire | Janet R. Davis, Esquire (*Pro hac vice*)<br>Anne Blume (*Pro hac vice*) |
| and | and |
| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP<br>Joseph L. Luciana, III, Esq. (*Pro hac vice*)<br>Ronald J. Chleboski, Jr., Esq. (*Pro hac vice*)<br><br>Attorneys for Columbia Energy, L.L.C. | SEVERSON & WERSON, PC<br><br>Peter C. Lyon, Esquire<br>David A. Ericksen, Esquire<br>Attorneys for Sargent & Lundy |

sufficient time for meaningful evaluation of the issues of this case which arises out of the design and construction of a power generation facility for which Columbia claims damages in excess of $8 million.

7. The parties agree that if they fail to resolve this case through mediation, they will propose to the court a pre-trial schedule to quickly resolve this case.

8. In light of the foregoing, the parties jointly move for an Order continuing the Case Management Conference, now scheduled for May 14, 2007, for 45 days, at which time the parties shall file a further Joint Case Management Conference Statement informing the court of the scheduled date for mediation with Judge Cahill. It is the parties' expectation that this Court will thereafter issue an order for a further Case Management Conference scheduled for a date after mediation. In the event mediation has failed to resolve the case, the parties will submit their pretrial schedule as contemplated above in paragraph 7.

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS LLP | MECKLER, BULGER & TILSON LLP |
| _____<br>Linda L. Usoz, Esquire<br>and<br>KIRKPATRICK & LOCKHART<br>PRESTON GATES ELLIS LLP<br>Joseph L. Luciana, III, Esq. (*Pro hac vice*)<br>Ronald J. Chleboski, Jr., Esq. (*Pro hac vice*)<br><br>Attorneys for Columbia Energy, L.L.C. | _____<br>Janet R. Davis, Esquire (*Pro hac vice*)<br>Anne Blume (*Pro hac vice*)<br>and<br>SEVERSON & WERSON, PC<br><br>_____<br>Peter C. Lyon, Esquire<br>David A. Ericksen, Esquire<br>Attorneys for Sargent & Lundy |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> Calpine Corporation, et al., <br><br>                 Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

## STIPULATION AND AGREED ORDER BY AND BETWEEN COLUMBIA ENERGY, L.L.C. AND SARGENT & LUNDY, L.L.C. MODIFYING THE AUTOMATIC STAY

Columbia Energy, L.L.C. ("Columbia"), a debtor in the above-captioned chapter 11 cases, and Sargent & Lundy, L.L.C. ("S&L," together with Columbia, the "Parties"), by and through their respective counsel, hereby enter into this stipulation and agreed order (the "Stipulation/Order") and stipulate and agree as follows:

WHEREAS, on or around December 20, 2005 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, Columbia is a plaintiff in the civil action filed on October 24, 2004 in the United States District Court for the Northern District of California, San Jose Division, entitled *Columbia Energy, L.L.C. v. Sargent & Lundy, L.L.C., et al.*, Case No. C 04-04436 JW. Columbia commenced this Action against S&L seeking to recover damages for breach of contract, negligence, and indemnification. S&L filed a counterclaim seeking damages for breach of contract. (The lawsuit described in this paragraph, including all claims and counterclaims asserted therin, is referred to herein as the "Current Action").

WHEREAS, the Parties wish to resolve the Current Action without further delay;

WHEREAS, the Parties do not admit any liability or the validity of any claims or damages with respect to the Current Action;

WHEREAS, the Debtors have consented, pursuant to and in accordance with the conditions and agreements set forth herein, to S&L being granted limited relief from the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay") so as to permit the complete and full prosecution of the Current Action; and

WHEREAS, the Debtors, as of the date hereof, shall give notice of this Stipulation/Order by electronic mail, facsimile, or overnight mail to: (a) the United States Trustee for the Southern District of New York; (b) counsel to the Creditors' Committee; (c) counsel to the administrative agents for the Debtors' prepetition secured lenders; (d) counsel to the ad hoc committees; (e) the indenture trustees pursuant to the Debtors' secured indentures; (f) counsel to the Debtors' postpetition lenders; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) the United States Department of Justice; (j) counsel to the Equity Committee; and (k) all parties entitled who have requested notice pursuant to Bankruptcy Rule 2002.

## AGREED ORDER

IT IS THEREFORE AGREED, AND UPON COURT APPROVAL HEREOF IT SHALL BE ORDERED, AS FOLLOWS:

1. S&L is hereby granted limited relief from the Automatic Stay to permit the prosecution of the Current Action to and including the entry of judgment; _provided, however,_ that S&L may not take any action to enforce against the Debtors, their assets, or their estates any judgment that may be entered in the Current Action without further order of the Bankruptcy Court.

2. Nothing herein is intended or shall be construed to waive any defenses, setoffs, objections, or counterclaims that the Parties or their representatives may have with respect to the Current Action.

3. The modification of the Automatic Stay as set forth herein shall have no effect as to parties that are not a party to this Stipulation/Order, and the Automatic Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors or their estates.

4. Neither this Stipulation/Order, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation/Order; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay has been modified to allow prosecution of the Current Action to proceed.

5. Nothing in this Stipulation/Order or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; or (c) a waiver of any of the Debtors' rights to dispute claims asserted against the Debtors in these chapter 11 cases.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to the agreements contained in this Stipulation/Order. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation/Order and the matters agreed to herein shall be brought on proper notice and in

accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules for the Bankruptcy Court.

7.   This Stipulation/Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.   Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.   This Stipulation/Order shall not be modified, altered, amended or vacated without written consent of all parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: _____, 2007

| **KIRKLAND & ELLIS LLP** | **MECKLER, BULGER & TILSON** |
|---|---|
| _____s/_____ | _____s/_____ |
| Richard M. Cieri (RC 6062) | Janet R. Davis |
| Marc Kieselstein (admitted pro hac vice) | 123 North Wacker Drive |
| David R. Seligman (admitted pro hac vice) | Suite 1800 |
| Edward O. Sassower (ES 5823) | Chicago, Illinois 60606 |
| KIRKLAND & ELLIS LLP | Telephone: (312) 474-7900 |
| 153 East 53rd Street | Facsimile: (312) 474-7898 |
| New York, New York 10022-4611 | |
| Telephone: (212) 446-4800 | and |
| Facsimile: (212) 446-4900 | |
| | Peter C. Lyon |
| Counsel for the Debtors | David A. Ericksen |
| | **SEVERSON & WERSON, P.C.** |
| | 26th Floor, Embarcadero Center |
| | San Francisco, California 94111 |
| | Telephone: (415) 398-3344 |
| | Facsimile: (415) 956-0435 |
| | |
| | Counsel for Sargent & Lundy, L.L.C. |

**SO ORDERED**

Dated: New York, New York
April 30, 2007

/s/Burton R. Lifland
United States Bankruptcy Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA ENERGY, L.L.C., <br><br> *Plaintiff,* <br><br> vs. <br><br> SARGENT & LUNDY, L.L.C. and SECURITY INSURANCE COMPANY OF HARTFORD, <br><br> *Defendants.* | Case No. CV 04-04436 JW <br><br> **ORDER APPROVING CONTINUANCE OF CASE MANAGEMENT CONFERENCE PURSUANT TO JOINT STIPULATION** |

The Court, having considered the JOINT STATUS REPORT AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE filed by the parties in this action, the Court hereby vacates the Case Management Conference currently scheduled for May 14, 2007 at 10:00 a.m. and orders the parties to file a Further Joint Case Management Statement on or before June ~~30~~ 15, 2007 advising the court of the scheduled date for mediation, which date shall be not later than ___August - October___, 2007. The parties shall thereafter receive notice from the court of any Further Case Management Conference. The Parties shall appear for a Case Management Conference on June 25 2007 at 10:00 AM.

Dated: May __7__, 2007         By: _____
                                    The Honorable James Ware

PI-1765798 V1

ORDER APPROVING CONTINUANCE OF CMC PURSUANT TO JOINT STIPULATION, CASE NO. CV 04-04436 JW